IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02160-SKC

ESTATE OF SERAFIN FINN, by and through its personal representative Melissa R. Schwartz,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
DEPUTY JASON GENTEMPO, in his individual capacity,

    Defendants.

## ANSWER

Defendant, **DEPUTY JASON GENTEMPO**, in his individual capacity, by and through counsel, **ERIC M. ZIPORIN** and **TIFFANY E. TOOMEY**, of **SGR, LLC**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Complaint and Jury Demand as follows:

### I.    ANSWER

1. Defendant admits the allegations set forth in paragraphs 2, 3, 8, 15, 16, 20, 21, 24, 25, 34, 40, 51, 52, 55, 56, 57, 58, 66, 69, 95 and 96 of Plaintiff's Complaint and Jury Demand.

2. Defendant denies the allegations set forth in paragraphs 4, 28, 29, 30, 31, 32, 37, 38, 39, 44, 45, 81, 97, 98, 99, 100, 101, and 105 of Plaintiff's Complaint and Jury Demand.

3. Defendant is without sufficient knowledge and information to form a belief as to the veracity of the allegations set forth in paragraphs 7, 9, 10, 14, 17, 18, 22, 23, 48, 54, 65, 70, 71, and 72 of Plaintiff's Complaint and Jury Demand, and as such, denies the same.

4. With respect to the allegations set forth in paragraphs 59, 60, 61, 62, 63, 64, 68, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 102, 103, 104, 106, 108, 109, 110, 111 and 112 of Plaintiff's Complaint and Jury Demand, such are allegations against the City and County of Denver and not Deputy Jason Gentempo. As such, Defendant is not required to these allegations. To the extent that a response is required, Defendant denies all allegations set forth in these paragraphs.

5. With respect to the allegations set forth in paragraph 1 of Plaintiff's Complaint and Jury Demand, Defendant admits that Mr. Finn was an arrestee who was handcuffed, shackled, and restrained in a wheelchair. Defendant denies all remaining allegations in said paragraph.

6. With respect to the allegations set forth in paragraph 5 of Plaintiff's Complaint and Jury Demand, Defendant admits that he laid on top of Mr. Finn and applied pressure points to the head and neck. Defendant is without sufficient knowledge and information to form a belief as to whether the pressure points were painful, and as such, denies the same. Defendant denies the remaining allegations in said paragraph.

7. With respect to the allegations set forth in paragraph 6 of Plaintiff's Complaint and Jury Demand, Defendant admits the force occurred while Mr. Finn's legs and arms were restrained. Defendant denies the remaining allegations in said paragraph, as Mr. Finn was still able to spit.

8. With respect to the allegations set forth in paragraph 11, Defendant admits that he does not specifically recall receiving training on the level of force that can be used if an inmate spits on a deputy. However, Defendant did receive training as to what level of force can be used if a deputy has been assaulted, which would include being spit on. Defendant denies the remaining allegations in said paragraph.

9. With respect to the allegations set forth in paragraph 12, Defendant admits that Mr. Finn's allegations are brought pursuant to 42 U.S.C. § 1983. Defendant does not contest jurisdiction at this time. Defendant denies the remaining allegations in said paragraph.

10. With respect to the allegations set forth in paragraph 13, Defendant does not contest venue at this time.

11. With respect to the allegations set forth in paragraph 19, Defendant admits that the Denver Sheriff's Department ("DSD") discovered his active warrant and DSD deputies arranged to transport Mr. Finn to back to the jail after his treatment ended. Defendant denies this occurred while Mr. Finn received treatment, as this actually occurred upon his arrival to the hospital.

12. With respect to the allegations set forth in paragraph 26, Defendant admits that when they reached the bottom of the ramp, Deputy Siwakoti again rotated Mr. Finn's wheelchair. Defendant admits that Deputy Gentempo started walking on the left side of Mr. Finn. Defendant denies that Deputy Siwakoti was now walking on the right side of Mr. Finn as they continued towards Scout Car 2, as Deputy Siwakoti was actually behind Mr. Finn pushing his wheelchair.

13. With respect to the allegations set forth in paragraph 27, Defendant admits that in later interviews, Mr. Finn did not recall whether he spat. Defendant denies that as they proceeded towards the vehicle, Denver Health surveillance footage shows Mr. Finn turn towards Deputy Gentempo and appears to spit in his direction, as Mr. Finn did spit on Deputy Gentempo.

14. With respect to the allegations set forth in paragraph 33, Defendant denies that Mr. Finn lay incapacitated on the ground, shackled, and handcuffed, as Mr. Finn was still able to spit. Defendant denies that he was still proceeding to attack Mr. Finn, as Defendant was merely

attempting to prevent Mr. Finn from spitting a third time by using a mandibular angle pressure point.

15. With respect to the allegations set forth in paragraph 35, Defendant admits that he applied this pressure point. Defendant is without sufficient knowledge and information to form a belief as to the veracity of whether the pressure point was applied for nearly two minutes until other DSD deputies arrived, and as such, denies the same.

16. With respect to the allegations set forth in paragraph 36, Defendant denies that eventually, Deputies Gentempo and Siwakoti picked Mr. Finn up from the ground by his arms, while other deputies placed a spit sock over Mr. Finn's head, as the spit sock was placed over Mr. Finn's head before Mr. Finn was picked up from the ground.

17. With respect to the allegations set forth in paragraph 41, Defendant admits that he stated his main focus was taking care of himself. Defendant admits that he did not arrange a health screening for Mr. Finn, as a nurse had already examined Mr. Finn and drew his blood a few minutes after Mr. Finn was lifted to his feet and escorted to the scout car.

18. With respect to the allegations set forth in paragraph 42, Defendant admits that shortly after he and Siwakoti transported Mr. Finn to the DDC he did not inform medical staff that he had used force against Mr. Finn and otherwise took no measures to ensure Mr. Finn was evaluated for injuries, because Mr. Finn had already been evaluated by a nurse before being transported to DDC.

19. With respect to the allegations set forth in paragraph 43, Defendant admits that Mr. Finn began seizing as he sat in the intake department. Defendant is without sufficient knowledge and information to form a belief as to the veracity of whether Mr. Finn collapsed to the concrete

floor, and as such, denies the same. Defendant denies that as a result, he was placed in the medical unit where he remained for almost two days, as Mr. Finn was placed in the medical unit for 1.5 days and then transferred to a pod.

20. With respect to the allegations set forth in paragraph 46, Defendant denies that a nurse employed in the jail observed a hematoma and abrasions still visible on Mr. Finn's head, clearly the result of being assaulted by Deputy Gentempo, as the Internal Affairs Case Summary states that a nurse merely noted, "a small hematoma on inmate Finn's right parietal area on his head. She also noted small abrasions to inmate Finn's wrists and ankles. Inmate Finn relayed that those injuries are from the shackles being too tight." Defendant denies the remaining allegations in said paragraph.

21. With respect to the allegations set forth in paragraph 47, Defendant admits that Mr. Finn contacted Denver's Office of the Independent Monitor.  Defendant is without sufficient knowledge and information as to the specific date of that contact.  Defendant denies the remaining allegations in said paragraph.

22. With respect to the allegations set forth in paragraph 49, Defendant admits that he was interviewed through the Internal Affairs Bureau.  Defendant is without sufficient knowledge and information as to the remaining allegations in said paragraph, and as a result, denies same.

23. With respect to the allegations set forth in paragraph 50, Defendant admits that Deputy Gentempo consistently denied he had struck Mr. Finn, as Deputy Gentempo stated he would not classify it as a strike. Defendant denies the remaining allegations in said paragraph.

24. With respect to the allegations set forth in paragraph 53, Defendant admits that one officer stated Deputy Gentempo should have reported the assault but denies that other officers who

reviewed the surveillance footage understood that Deputy Gentempo should have reported the assault. Defendant denies that the other officers who reviewed the surveillance footage of the attack identified his use of force as a strike, as the other officers stated it looked like a strike from the video, but as one officer stated, he is not sure what Deputy Gentempo struck and that he "doesn't know if he hit the inmate or not." Defendant denies the remaining allegations in said paragraph.

25. With respect to the allegations set forth in paragraph 67, Defendant denies that he admitted he had not reviewed or signed 1,631 police documents contained in DSD's employee training database, as Defendant actually stated that he had read the current use of force policy and it was Investigator Iriart who stated, "You have 1631 that you have not signed yet." Defendant denies the remaining allegations in said paragraph.

26. Defendant denies those allegations realleged in paragraphs 94 and 107.

27. Defendant denies all allegations not expressly admitted herein.

## II.   DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted as to some or all of his claims against Defendant.

2. Defendant is qualifiedly immune from Plaintiff's claims.

3. Defendant's actions were at all times conducted in good faith and without intent to injure or deprive Plaintiff of his civil rights.

4. Plaintiff has failed to allege Deputy Gentempo's actions were unreasonable in light of Plaintiff's resistance and non-compliance.

5.   Plaintiff's damages, if any, are not of the nature and extent as alleged in the Complaint.

6.   Plaintiff has failed to reasonably mitigate his alleged damages.

7.   Defendant reserves the right to add additional affirmative defense which are revealed by way of disclosures and discovery.

### III.   REQUEST FOR RELEIF

**WHEREFORE**, having fully answered Plaintiff's Complaint and Jury Demand, Defendant requests that the Court grant relief as follows:

A.   Dismissing Plaintiff's Complaint and Jury Demand with prejudice;

B.   Entering judgment in favor of Defendant and against Plaintiff for attorney fees expended in defense of this action;

C.   Entering judgment in favor of Defendant and against Plaintiff for costs; and

D.   Such other and further relief as the Court deems just and proper.

### IV.   JURY DEMAND

**DEFENDANT HEREBY DEMANDS THAT THIS CASE BE TRIED TO A JURY PURSUANT TO FED.R.CIV.P. 38.**

Respectfully submitted,

*s/* Eric M. Ziporin
**Eric M. Ziporin**
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
E-mail: eziporin@sgrllc.com


*s/* Tiffany E. Toomey
**Tiffany E. Toomey**
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
E-mail: ttoomey@sgrllc.com
*Attorneys for Defendant Deputy Gentempo*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this 11th day of October, 2021, I electronically filed a true and correct copy of the above and foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Nicholas A. Lutz
Matthew Cron
Omeed Azmoudeh
nl@rmlawyers.com
mc@rmlawyers.com
oa@rmlawyers.com
*Attorneys for Plaintiff*

Benjamin Hartford
ben@bhartfordlaw.com
*Attorney for Plaintiff*

Raana V. Haidari
raana.haidari@denvergov.org
*Attorney for Defendant City and County of Denver*

              s/ Barbara A. Ortell
              Barbara A. Ortell
              Legal Secretary

01961122.DOCX