## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02160-SKC

ESTATE OF SERAFIN FINN, by and through its personal representative Melissa R. Schwartz,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality;
DEPUTY JASON GENTEMPO, in his individual capacity,

     Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference in this case was held on October 25, 2021, at 11:00 a.m. in Courtroom C-201 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.  Nicholas A. Lutz, Matthew Cron, and Omeed Azmoudeh appeared for Plaintiff, and Raana Haidari appeared for Defendant City and County of Denver.  Eric Ziporin appeared for Defendant Jason Gentempo.  The Parties will be represented in this case as follows:

**For Plaintiff**:

Nicholas A. Lutz
Matthew Cron
Omeed Azmoudeh
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
Telephone: (303) 578-4400

Fax: (303) 578-4401 (fax)
Email: nl@rmlawyers.com
Email: mc@rmlawyers.com
Email: oa@rmlawyers.com

**For Defendant Gentempo**:

Eric M. Ziporin
Tiffany Toomey
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509 phone
303-320-0210 fax
eziporin@sgrllc.com
ttoomey@sgrllc.com

**For Defendant City and County of Denver**:

Wendy Shea
Raana Haidari
City Attorney's Office
201 Colfax Ave
Denver, CO 80202
Telephone: (720) 913-3244
Email: Wendy.Shea@denvergov.org
Email: Raana.Haidari@denvergov.org

## 2. STATEMENT OF JURISDICTION

Plaintiff has filed claims alleging violations of the United States Constitution through 42 U.S.C. § 1983.  As such, Plaintiff has presented a federal question over which this Court properly has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.  Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).  All of the acts and/or omissions alleged herein occurred within the District of Colorado, and at the time

2

of the events giving rise to this litigation, all of the parties resided in Colorado.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

This case arises from Defendant Gentempo's use of excessive force against Serafin Finn and Defendant City and County of Denver's custom, policy, and practice of failing to train and supervise and discipline its officers and deputies relating to excessive force and its ratification of officers' and deputies' use of excessive force.

On March 20, 2019, Deputy Jason Gentempo of the Denver Sheriff's Department punched Serafin Finn in the face multiple times while Mr. Finn was restrained in a wheelchair after, Defendant Gentempo claims, Mr. Finn attempted to spit on him.  Deputy Gentempo then flipped Mr. Finn's wheelchair, smashing Mr. Finn's head to the ground.  Deputy Gentempo then pinned Mr. Finn down and applied painful pressure points to his head and neck.  All of this occurred while Mr. Finn presented no physical threat to Deputy Gentempo.

In April 2020, following a thorough investigation, the City and County of Denver's Internal Affairs Bureau recommended that Deputy Gentempo receive discipline for three separate policy violations:  employing excessive force; lying in his written report of the incident; and lying to investigators.  Despite the findings of the Internal Affairs Bureau, the Denver Sheriff's Department rejected the recommendation and exonerated Deputy Gentempo.   The Denver Sheriff's Department also terminated the lead investigator on the matter following her attempt to publicize the sham disciplinary process. Defendant City and County of Denver's custom, policy, and practice of failing to train and discipline regarding excessive force and ratifying its officers' and

deputies' use of excessive force was the moving force behind Deputy Gentempo's use of excessive force against Mr. Finn.

   b.  **Defendant Gentempo:**

Defendant Gentempo denies the substantive allegations in Plaintiff's Complaint. Specifically, Defendant Gentempo denies that he used excessive force at any point during his interaction with Mr. Finn.  To the contrary, Defendant Gentempo's use of force was reasonable and necessary in response to Mr. Finn assaulting him by spitting on him and the threat that Mr. Finn would once again assault Defendant Gentempo.  Defendant Gentempo's conduct was at all times conducted in good faith and in accordance with clearly established law and Denver Police Department policy and procedure.

As for defenses, Defendant Gentempo asserts the following:  (1) Plaintiff fails to state a claim upon which relief may be granted as to some or all of his claims against Defendant; (2) Defendant is qualifiedly immune from Plaintiff's claims; (3) Defendant's actions were at all times conducted in good faith and without intent to injure or deprive Plaintiff of his civil rights; (4) Plaintiff has failed to allege Deputy Gentempo's actions were unreasonable in light of Plaintiff's resistance and non-compliance; (5) Plaintiff's damages, if any, are not of the nature and extent as alleged in the Complaint; (6) Plaintiff has failed to reasonably mitigate his alleged damages; (7) Plaintiff, as the public administrator, may not be the proper party in interest; (8) Plaintiff's recoverable damages are precluded or limited by the Colorado Survival Statute in that Plaintiff cannot recover non-economic damages; and (8) Defendant reserves the right to add additional affirmative defense which are revealed by way of disclosures and discovery.

4

c.  **Defendant City and County of Denver**

Denver denies all claims asserted against it.  Denver specifically denies that the Denver Sheriff's Department (DSD) employs any policy, custom, or practice of encouraging, ratifying, or failing to supervise and/or discipline its employees with respect to the use of excessive force against detainees.  On the contrary, DSD employees receive extensive use of force training and all allegations of excessive force by DSD employees are investigated as part of a multi-level internal investigatory process.  Accordingly, Denver will argue that even if Gentempo's actions in this matter are found to have violated Finn's rights, such actions were not caused by any municipal policy, practice, or custom of which Denver was "on notice" prior to this incident.  Denver has filed a Motion to Dismiss on these issues.

Finally, Denver asserts that Plaintiff cannot recover damages in this matter because the Colorado Survival statute precludes survival claims for non-economic damages (i.e. pain and suffering), which are the only types of damages Plaintiff would likely be able to recover on Finn's behalf.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.  Defendant Jason Gentempo was employed by Defendant City and County of Denver on March 20, 2019, and was acting under color of state law during the alleged interaction with Serafin Finn.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

Plaintiff claims economic damages, physical impairment damages, compensatory damages (including, but not limited to, those for past pecuniary and non-pecuniary losses, emotional distress, suffering, loss inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses), declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate, punitive damages for all claims allowed by law in an amount to be determined at trial, as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief. Plaintiff is unable to quantify the exact amount of monetary damages Mr. Finn and his estate suffered. A more precise computation of Plaintiff's damages may be provided during the normal course of discovery and will further be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

**Defendant Gentempo:**

Defendant Gentempo does not seek damages but reserves the right to seek recovery of attorneys' fees and costs to which he may be entitled.

**Defendant City and County of Denver:**

Defendant Denver is not currently seeking damages. Denver reserves the right to pursue any and all recoverable expenses at the conclusion of this matter.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.      Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held between counsel on October 4, 2021.

**b.      Names of each participant and party he/she represented.**

The following counsel participated in the meeting: Nicholas A. Lutz, Matthew Cron, and

Omeed Azmoudeh represented Plaintiff.  Eric Ziporin represented Defendant Gentempo.  Raana

Haidari represented Defendant City and County of Denver.

**c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

All parties will produce Rule 26(a)(1) disclosures no later than October 18, 2021.

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.      Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery.  The Parties will

attempt to engage in informal discovery where appropriate.

**f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1)      The Parties have agreed to use a unified exhibit numbering system.

(2)      The Parties have agreed to use a three-day conferral period prior to the issuance

of any third-party subpoenas.  Before serving a third-party subpoena, the Parties

will provide a copy to the other side and allow three days for conferral over any

7

disputes before the subpoena is served on the third party.  All parties agree to produce material subpoenaed from third party witnesses to the other party as soon as possible, but in any event no later than seven days after receiving the materials.

(3)     The parties agree and consent pursuant to Fed. R. Civ. P. 5(b)(2)(E) that discovery and disclosures may be served electronically through the email address of lead counsel, identified in Paragraph 1 of this Scheduling Order.

(4)     The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

**g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties do not anticipate there being extensive electronically stored information ("ESI").

**h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties are not currently engaged in settlement discussions but remain open to a possible settlement or resolution of this case.  Defendant Denver believes additional settlement negotiations are premature until the Parties can engage in additional discovery.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.     **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties propose that each side (Plaintiff on one side and both Defendants collectively on one side) will be limited to no more than ten (10) depositions, exclusive of experts.  Each side will be limited to twenty-five interrogatories.  Limitations may be expanded upon agreement of the parties and order of the Court.

b.     **Limitations which any party proposes on the length of depositions.**

The Parties agree that the presumptive limit on deposition length for the named parties only.  All other depositions shall be 4 hours, but that this limitation may be expanded or contracted upon agreement of the Parties and order of the Court.

c.     **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose that each side be limited to twenty-five (25) requests for production and twenty-five (25) requests for admission.

d.     **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Thirty-five (35) days before the close of discovery.

e.     **Other Planning or Discovery Orders**

1.     The Parties will comply with D.C.Colo.LCiv.R. 7.1(a) and the Magistrate Judge's practice standards for discovery disputes before filing an opposed discovery motion.

### 9. CASE PLAN AND SCHEDULE

a.       **Deadline for Joinder of Parties and Amendment of Pleadings**:  <u>**December 9, 2021.**</u>

b.   **Discovery Cut-off**: <u>**June 24, 2022.**</u>

c.   **Dispositive Motion Deadline**:  <u>**July 25, 2022.**</u>

d.   **Expert Witness Disclosure**

        1.   **The parties shall identify anticipated fields of expert testimony, if any**.

<u>**Plaintiff:**</u> At this time, Plaintiff anticipates retaining a police practices expert and potentially a medical expert.

<u>**Defendants:**</u> At this time, Defendants anticipates retaining responsive experts to experts retained by Plaintiff.  Defendants also reserve the right to retain experts in the fields of law enforcement use of force, economics and/or human factors.

        2.   **Limitations which the parties propose on the use or number of expert witnesses**.

The Parties propose a limit of two (2) retained, affirmative experts per side.  The Parties also propose that each side may use those same retained, affirmative experts as rebuttal experts or have the option of retaining one additional rebuttal expert in response to each affirmative expert.

        3.   **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

<u>**April 8, 2022.**</u>

4.   **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

**May 13, 2022.**

e.   **Identification of Persons to Be Deposed:**

*Preliminary List of Plaintiff's Depositions*:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Jason Gentempo | 7 hours |
| Brittany Iriart | 4 hours |
| 30(b)(6) witnesses for Defendant City and County of Denver | 7 hours per witness[1] |
| Purna Siwakoti | 4 hours |
| Nicholas Mitchell | 4 hours |
|  |  |
|  |  |
|  |  |
|  |  |

*Preliminary List of Defendant's Depositions:*

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Medical staff at the hospital | 4 hours each |
|  |  |

## 10. DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

_____.

---

[1] Denver reserves the right to seek limitations on the length of non-party depositions proposed by Plaintiff, including 30(b)(6) depositions.  The extent of such proposed limitations (if any) will be better determined following discussions among the parties and/or receipt of Plaintiff's 30(b)(6) deposition notice(s).

b.    A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.**    **Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a five-day jury trial.  Both sides have requested a trial to a jury.

**c.**    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

12

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of October, 2021.

BY THE COURT:

_____

S. Kato Crews
United States Magistrate Judge

**SCHEDULING ORDER APPROVED:**

**For Plaintiff**:

*s/ Nicholas A. Lutz*
Nicholas A. Lutz
Rathod Mohamedbhai LLC
2701 Lawrence Street
Suite 100
Denver, CO 80205
(303) 578-4400
(303) 578-4401 (fax)
nl@rmlawyers.com

**For Defendant Gentempo**:

*s/ Eric M. Ziporin*
Eric M. Ziporin
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210

303-320-0509 phone
303-320-0210 fax
eziporin@sgrllc.com

**For Defendant City and County of Denver**:

*s/ Raana Haidari*
Raana Haidari
City Attorney's Office
201 Colfax Ave
Denver, CO 80202
Telephone: (720) 913-3244
Email: Raana.Haidari@denvergov.org