# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02160-CNS-SKC

ESTATE OF SERAFIN FINN,
by and through its personal representative Melissa R. Schwartz,

       Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
DEPUTY JASON GENTEMPO, in his individual capacity,

       Defendants.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The Final Pretrial Conference was held at 1:00 pm on October 5, 2023, in Courtroom A 702 before Judge Charlotte N. Sweeney. The parties were represented by counsel at the conference as follows:

***For Plaintiff Estate of Serafin Finn***

Omeed Azmoudeh
Matthew Cron
Siddhartha Rathod
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
oa@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com

***For Defendant Deputy Jason Gentempo***

Eric M. Ziporin
Tiffany E. Toomey
SGR, LLC
3900 E. Mexico Ave.
Suite 700
Denver, CO 80210
eziporin@sgrllc.com
ttoomey@sgrllc.com

*For Defendant City and County of Denver*

Jonathan Cooper
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
(720) 913-3100
jonathan.cooper@denvergov.org

## 2. JURISDICTION

In this action, Plaintiff maintains two federal claims pursuant to 42 U.S.C. § 1983. Jurisdiction over both federal claims is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

## 3. CLAIMS AND DEFENSES

*Plaintiff Estate of Serafin Finn*

On March 20, 2019, Defendant Gentempo gratuitously assaulted detainee Serafin Finn while Mr. Finn was in a wheelchair, restrained with handcuffs and leg irons. As a result, Plaintiff maintains a Fourteenth Amendment excessive force claim against Defendant Gentempo under 42 U.S.C. § 1983, seeking compensatory noneconomic damages, nominal damages, and punitive damages.

Defendant Gentempo's decision to pummel Mr. Finn was the predictable result of

having not received any training from Defendant Denver on the appropriate response to the circumstances at issue. Thus, Plaintiff maintains a failure-to-train municipal liability claim against Defendant Denver, seeking compensatory noneconomic damages, nominal damages, and punitive damages.

***Defendant Deputy Jason Gentempo***

This case arises from Defendant Gentempo's use of force that occurred at Denver Health Medical Center ("DHMC") while Defendant Gentempo was attempting to transport Mr. Finn to jail. Defendant Gentempo used reasonable force on Mr. Finn who behaved erratically and spat on Defendant Gentempo several times, including in his mouth, prior to any force used. Defendant Gentempo denies he used excessive force and asserts the following defenses: (1) Plaintiff fails to state a claim upon which relief may be granted, (2) Defendant Gentempo is qualifiedly immune from Plaintiff's claim, (3) Defendant Gentempo's actions were at all times conducted in good faith and without intent to injure or deprive Mr. Finn of his civil rights, (4) Plaintiff has failed to allege Defendant Gentempo's actions were unreasonable in light of Mr. Finn's resistance and non-compliance, (5) Plaintiff's damages, if any, are not of the nature and extent as alleged, and (6) Plaintiff has failed to reasonably mitigate its alleged damages.

***Defendant City and County of Denver***

Plaintiff asserts a failure-to-train claim against Denver. Denver denies all of Plaintiff's allegations. The record shows that the Denver Sheriff's Department (DSD) comprehensively trains its employees, including Deputy Gentempo, to properly respond to a very wide range of detainee/inmate conduct and behavior, including refusals to comply with orders and active aggression or violence that is directed to staff or other individuals at

6

DSD facilities. This training includes not only policy review and application but simulated exercises in which deputies are presented with challenging real-time scenarios to which they must respond, subject to review and evaluation by their supervisors. DSD also makes spit hoods available to its correctional staff, the appropriateness of which is determined on a case-by-case basis. Here, the record is devoid of even a single prior incident in which an individual was allegedly harmed as a result of DSD's failure to provide more spitting-specific training. There is nothing whatsoever to indicate DSD was on notice of any deficiency in this area, or that any deficiency in fact exists or existed. Further, although Plaintiff alleges a spit hood should have been placed on Mr. Finn sooner, this situation was likely not appropriate for a spit hood in any circumstances in light of Mr. Finn's intoxication and medical conditions.

Denver asserts Plaintiff's damages are limited by the Colorado survival act and intends to file a pretrial motion to address the same. Denver further maintains its arguments that Plaintiff has failed to state a claim on which relief can be granted. In addition, Denver asserts that all its actions, including its trainings, were made in good faith, reasonably, and for the purpose of ensuring its employees are appropriately trained in responding to difficult situations.

## 4. STIPULATIONS

1. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b).
2. At all times relevant to this case, Defendant Gentempo acted under color of state law as a law enforcement officer employed by Defendant Denver.

## 5. PENDING MOTIONS

Two summary judgment motions are currently pending:

- Defendant Gentempo's Motion for Summary Judgment [ECF No. 85], filed June 12, 2023.  Plaintiff filed a response in opposition to the motion [ECF No. 93] on July 17, 2023, and Defendant Gentempo filed a reply [ECF No. 99] on August 7, 2023.

- Defendant Denver's Motion for Summary Judgment [ECF No. 87], filed June 12, 2023.  Plaintiff filed a response in opposition to the motion [ECF No. 95] on July 17, 2023, and Defendant Denver filed a reply [ECF No. 100] on August 7, 2023.

### 6.  WITNESSES

a.   List the nonexpert witnesses to be called by each party.  List separately:

(1)   witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff's Will-Call Witnesses:**

- Jason Gentempo.  Mr. Gentempo is a Defendant in this case.  He is expected to testify about the incident on March 20, 2019, Defendant Denver's training regarding the circumstances at issue, and other matters relevant to the claims, defenses, and damages at issue in this action.  He is expected to testify in person.

- Purna Siwakoti.  On March 20, 2019, Mr. Siwakoti was employed by Defendant Denver working as a Sheriff's Deputy alongside Defendant Gentempo.  Mr. Siwakoti is expected to testify about the incident on March 20, 2019, Defendant Denver's training regarding the circumstances at issue, and other matters relevant to the claims, defenses, and damages at issue in this action.  He is expected to testify in person.

- Michael Billings.  Mr. Billings was employed as a Sergeant by Defendant Denver and was a Rule 30(b)(6) designee for Defendant Denver.  He is expected to testify about Defendant Denver's training regarding the circumstances at issue, and other matters relevant to the claims, defenses, and damages at issue in this action.  He is expected to

testify in person.

***Defendants' Will-Call Witnesses:***

- Jason Gentempo. Defendant Gentempo is a Defendant in this matter and is expected to testify in-person regarding the incident occurring on March 20, 2019, as well as his training related to the claims and defenses in this matter.

- Purna Siwakoti. Deputy Siwakoti was present for the March 20, 2019, incident. Defendants may call Deputy Siwakoti to testify in-person as to the incident as well as his training related to the claims and defenses in this matter.

    (2)    witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

***Plaintiff's May-Call Witnesses:***

- Brittany Iriart. Ms. Iriart was employed by Defendant Denver as an investigator within the internal investigation department. If called, she is expected to testify about her findings related to the incident on March 20, 2019, and other matters relevant to the claims, defenses, and damages at issue in this action. She is expected to testify in person.

- Rose Ceja. Ms. Ceja was employed by Defendant Denver as an analyst within the internal investigation department. She is expected to testify about her findings related to the incident on March 20, 2019, and other matters relevant to the claims, defenses, and damages at issue in this action. She is expected to testify in person.

***Defendants' May-Call Witnesses***

- Melissa R. Schwartz, c/o RATHOD | MOHAMEDBHAI LLC, 2701 Lawrence Street, Suite 100, Denver, CO 80205; (303) 578-4400. Ms. Schwartz is the Plaintiff in this case as personal representative for the Estate of Serafin Finn. Defendants may call Ms. Schwartz

to testify to Mr. Finn's damages.

- Deputy Michael Cowhick, c/o Denver City Attorney's Office, 200 W. Colfax Ave., Denver, CO 80202; (720) 913-3100. Deputy Cowhick was across the hall from Mr. Finn's room (R-18) at DHMC before the incident. Defendants may call Deputy Cowhick to testify in-person as to Mr. Finn's behavior at DHMC, as well as his training with DSD in areas relevant to the issues in this lawsuit.

- Deputy Jesus Granados. Deputy Granados responded to DHMC after the incident to assist with bringing Mr. Finn to his feet when Mr. Finn was refusing to stand to avoid being transported to jail. Defendants may call Deputy Granados to testify in-person as to Mr. Finn's behavior at DHMC, as well as his training with DSD in areas relevant to the issues in this lawsuit.

- Loretta Lindsey. Nurse Lindsey is a registered nurse employed with Denver Health and Hospital Authority at Denver Detention Center ("DDC"). Nurse Lindsey examined Mr. Finn at DDC two days after the incident. Defendants may call Nurse Lindsey to testify in-person as to Mr. Finn's alleged injuries as well as his behavior and statements during that time.

- Herman Peeper. Sgt. Herman Peeper was employed as a sergeant with DSD during all relevant times and will testify about the training he has received, and administered and/or been present for, during his tenure with DSD.

- Melissa Elson. Ms. Elson is employed with DSD in its Public Integrity Division. If called, Ms. Elson will testify with respect to matters listed on Plaintiff's exhibit list, including but not limited to a text message exchange between her and Ms. Iriart.

    o Ms. Elson is only listed in response to Plaintiff's listed witness Brittney Iriart, and

exhibits related thereto. In the event such testimony / materials are held inadmissible, Defendants will not seek to call this witness.

- Bruce Bolton. Mr. Bolton is employed with DSD in its Public Integrity Division, specifically the Administrative Investigations Unit, where he worked with Brittney Iriart. If called, Mr. Bolton will testify with respect to matters listed on Plaintiff's exhibit list, in particular those concerning statements and assertions made by Ms. Iriart. Mr. Bolton will also specifically address Ms. Iriart's deposition testimony about her interactions with him.

    o Mr. Bolton is only listed in response to Plaintiff's listed witness Brittney Iriart, and exhibits related thereto. In the event such testimony / materials are held inadmissible, Defendants will not seek to call this witness.

- Steve Franz. Mr. Franz is employed with DSD in its Public Integrity Division. If called, Mr. Bolton will testify with respect to matters listed on Plaintiff's exhibit list, in particular those concerning statements and assertions made by Ms. Iriart. Mr. Franz will also specifically address Ms. Iriart's deposition testimony, including the DSD investigative procedures.

    o Mr. Franz is only listed in response to Plaintiff's listed witness Brittney Iriart, and exhibits related thereto. In the event such testimony / materials are held inadmissible, Defendants will not seek to call this witness.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

The parties do not anticipate any such testimony.

b. List the expert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

*Plaintiffs' Will-Call Expert Witnesses*

- Charles P. Stephenson. Mr. Stephenson is Plaintiff's retained expert in this case. He is a law enforcement and private security professional with more than thirty years of experience. He is expected to testify to his findings related to the incident on March 20, 2019, his opinions regarding the reasonableness of Defendant Gentempo's use of force, and other matters related to the claims, defenses, and damages at issue in this action. He is expected to testify in person.

*Defendants' Will-Call Expert Witnesses*

- Philip J. Baca. Mr. Baca is Defendants' retained expert in this case. Mr. Baca is General Counsel for the County Sheriffs of Colorado and an adjunct professor. Mr. Baca is expected to testify in-person on the opinions expressed in his report and to rebut the opinions of Plaintiff's retained expert, Charles P. Stephenson.

(2) witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)); and

The parties do not anticipate any may-call expert witnesses.

(4) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

The parties do not anticipate any such testimony.

# 7. EXHIBITS

**Plaintiff's Preliminary Exhibit List**

| Description: | Stipulated[1]: |
|---|---|
| 1. 2020.02.19 Original Review and Findings Report (FINN 597) | No |
| 2. 2020.04.20 Gentempo Review and Findings Report (DEN 704) | No |
| 3. Screenshots of Brittany Iriart Facebook Posts (DEN 1233) | No |
| 4. Denver Health Medical Center Incident Video (FINN 284) | Yes |
| 5. Office of the Independent Monitor Commissions and Accountability Disciplinary Flowchart (DEN 1227) | No |
| 6. 2020.04.23 Text Message Correspondence with Brittany Iriart and Nick Mitchell (FINN 571) | No |
| 7. 2020.06.10 Email Correspondence between Brittany Iriart and Rose Ceja (FIN 612) | No |
| 8. Text Message Correspondence between Melissa Elson and Brittany Iriart (FINN 611) | No |
| 9. Brittany Iriart COD Hearing Statement (DEN 1252) | No |
| 10. 2021.09.08 Brittany Iriart Whistleblower Network News Article | No |
| 11. 2020.06.10 Denver Post Article re Brittany Iriart (DEN 1246) | No |
| 12. 2017.09.27 Brittany Iriart Denver Sheriff's Department Confidentiality Declaration (DEN 1239) | No |
| 13. 2020.08.31 Brittany Iriart Disciplinary Action Letter (DEN 1273) | No |
| 14. 2020.07.17 Deleane Mix Memorandum re Brittany Iriart Investigation Summary (DEN 1241) | No |
| 15. Purna Siwakoti Internal Affairs Official Resume (FINN 27) | No |
| 16. Denver Health Medical Center Incident Video (FINN 284) | Yes |
| 17. Screenshots of Denver Health Medical Center Incident Video (FINN 284) | No |
| 18. 2019.03.20 Purna Siwakoti's Incident Report (DEN 690) | Yes |
| 19. Denver Sheriff Department Use of Force Policy (DEN 997) | Yes |
| 20. Denver Sheriff Department Use of Restraints Policy (DEN 1016) | Yes |
| 21. Denver Sheriff Department Use of Force Policy Redacted (DEN 997) | Yes |
| 22. 2019.03.04 Purna Siwakoti Internal Affairs Interview Transcript (FINN 240) | No |
| 23. Jason Gentempo Internal Affairs Resume (DEN 845) | No |

---

[1] Defendant Denver takes the position that a significant number of Plaintiff's exhibits are only conceivably relevant to dismissed claims (i.e. ratification, claims based on any "pattern" of excessive force), and are thus inadmissible here irrespective of any summary judgment rulings. These include, for example, all materials related to Brittney Iriart and her assertions of DSD's alleged practice of "cover-ups", none of which have any relevance whatsoever to training. To the extent any related materials are listed on Defendants' preliminary exhibit list, they are listed solely in the event this Court finds Plaintiff's related exhibits admissible, and should not separately be construed as an agreement or waiver of admissibility or the content referenced therein. Plaintiff will respond to Defendant Denver's position on the admissibility of its proposed exhibits at the appropriate time.

| | |
|---|---|
| 24. 2019.03.20 Jason Gentempo Incident Statement (FINN 29) | Yes |
| 25. Jason Gentempo Internal Affairs Interview Transcript (FINN 205) | No |
| 26. Jason Gentempo Contemplation of Discipline Hearing Transcript (FINN 133) | No |
| 27. 2022.05.04 Defendant Jason Gentempo's Responses to Plaintiff's First Set of Discovery Requests | No |
| 28. Jason Gentempo Training File (DEN 1040) | Yes |
| 29. Denver Sheriff's Department Employee Training Policy (DEN 1034) | Yes |
| 30. Denver Sheriff's Department Reporting System Policy (DEN 1029) | No |
| 31. Charles Stephenson Curriculum Vitae | No |
| 32. Plaintiff's Expert Charles Stephenson Expert Report | Yes |
| 33. Plaintiff's Expert Witness Retainer Agreement | No |
| 34. Copy of Colorado Revised Statute 18-3-204 | Yes |
| 35. Michael Billings Deposition Transcript | No |
| 36. Michael Billings Errata Sheet | No |
| 37. Brittany Iriart Deposition Transcript | No |
| 38. Jason Gentempo Deposition Transcript | No |
| 39. Purna Siwakoti Deposition Transcript | No |
| 40. Rose Ceja Deposition Transcript | No |
| 41. Charles Stephenson Deposition Transcript | No |
| 42. Mary Dulacki Deposition Transcript | No |
| 43. Sgt. Peeper AIU Interview (DEN826) | No |
| 44. DHMC Surveillance (FINN285) | Yes |
| 45. DHMC Surveillance (FINN286) | Yes |
| 46. DHMC Surveillance (FINN287) | Yes |

**Defendants' Preliminary Exhibit List**

| Description: | Stipulated: |
|---|---|
| 1. Jason Gentempo's DPD statement (FINN 1-2) | Yes |
| 2. Purna Siwakoti's DPD statement (DEN 690) | Yes |
| 3. Criminal History of Mr. Finn (FINN 505-534) | No |
| 4. Mr. Finn's DDC Medical Records (DEN 722-801) | No |
| 5. Michael Cowhick's DPD statement (FINN 270-277) | Yes |
| 6. Declaration of Loretta Lindsey (Gentempo.Finn 1-3) | No |
| 7. Jesus Granados' DPD statement (DEN 686) | Yes |
| 8. Defendants' Expert Phil Baca's Expert Report | Yes |
| 9. Phil Baca CV and fee schedule/no fee | No |
| 10. Mot. to Add Count Two and Dismiss Count one in *People v. Finn* | No |
| 11. Email from Carmen Kassalty, RN re: Finn reporting he was fine during evaluation (FINN 44-45) | No |

| | |
|---|---|
| 12. Mr. Finn's DHMC Medical Records (DEN 1340-1357) | No |
| 13. DHMC Sally Port video/best angle (FINN 284) | Yes |
| 14. DHMC Sally Port video/other angle (FINN 286) | Yes |
| 15. DSD Use of Force Policy (DEN 2-15) | Yes |
| 16. C.R.S. 18-3-204 | No |
| 17. C.R.S. 18-3-203 | No |
| 18. DDC Intake video of Mr. Finn's seizure (DEN 987) | No |
| 19. Video Finn inside DHMC room (FINN 285) | Yes |
| 20. Video Finn inside DHMC hallway (FINN 287) | Yes |
| 21. DSD 1.00.3013 – Use of Force (DEN997-1015) | Yes |
| 22. DSD 1.00.3014 – Use of Restraints (DEN 1016-1020) | Yes |
| 23. Gentempo training records (2016) | No |
| 24. Gentempo training records (2017) | No |
| 25. Gentempo training records (2018) | No |
| 26. Gentempo training records (scenario-based) | No |
| 27. Gentempo training records (additional) | No |
| 28. Defendants' discovery requests and Plaintiff's discovery responses | No |
| 29. DSD 1.00.2006 – Employee Training (DEN 1034-39) | No |
| 30. DSD 1.00.4007 – Medical and Mental Health Assessment, Intervention, and Services (DEN 1021-28) | No |
| 31. Materials related to Brittney Iriart (to the extent not encompassed on Plaintiff's exhibit list, and subject to objections regarding all Iriart-related materials)<br><br>a. Iriart FB posts (DEN1233-35)<br>b. Iriart newspaper articles<br>c. Iriart COD Hearing Statement (DEN1252-54)<br>d. Iriart discipline (DEN1263-1303) | No |

b.  Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

The parties do not anticipate any unusual issues of law.

Defendants continue to assert that Plaintiff's damages are limited in accordance with the Colorado Survival Act, as argued in Defendants' dispositive motions (including most recently Deputy Gentempo's motion for summary judgment). Defendants also assert, as noted herein above, that all evidence about, or concerning Brittney Iriart is wholly irrelevant in this matter in light of the surviving claims. Defendants intend to file motion(s) in limine to preclude such evidence, along with any testimony of Ms. Iriart concerning the propriety of DSD disciplinary processes or procedures. Plaintiff responded to Defendant Gentempo's motion for summary judgment and will respond to Defendants' collective arguments regarding damages limitations and admissibility of certain evidence at the appropriate time (*i.e.*, in response to Defendants' forthcoming motion(s) *in limine*).

## 10. SETTLEMENT

a. Counsel for the parties have discussed settlement multiple times, including most recently *by telephone* on September 21*,* 2023, to discuss in good faith the settlement of the case*.*

b. The participants in the settlement discussion(s), included counsel, party representatives, and any *pro se* party.

c. While no specific offers have been made, the parties have discussed ranges of settlement on multiple occasions.

d. Counsel for the parties and any *pro se* party intend to hold future settlement conferences.

The parties believe there remains some possibility of settlement, but it is likely a small one. The parties have conferred on this issue a series of times in good faith including most recently on September 21, 2023, and continue to do so.

f. Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to a jury.

2. The estimated trial time is 4 days.

3. Trial will be held at the Alfred A. Arraj United States Courthouse in Denver, Colorado.

4. At the parties' request, and in the interest of judicial efficiency, the Court orders the following trial mechanic: the parties have agreed to make best efforts to call <u>each witness to the stand only once.</u>  Meaning, if Plaintiff calls an adverse witness during its case in chief, the order of  testimony will be as follows: Plaintiff's examination of the witness; Defendants' examination of the witness; Plaintiff's re-examination of the witness;

Defendant's re-examination of the witness. Thereafter, Defendants will make best efforts to not call that witness again, unless necessary to do so in response to additional facts elicited. However, nothing herein will prevent any party from seeking to recall a witness in accordance with, i.e., the Federal Rules of Evidence.

DATED this _____ day of _____, 20_____.

BY THE COURT

_____
United States Judge

APPROVED:

*s/ Omeed Azmoudeh*
Omeed Azmoudeh
Matthew Cron
Siddhartha Rathod
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
oa@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com
*Attorneys for Plaintiff*

*s/ Eric M. Ziporin*
Eric M. Ziporin
Tiffany E. Toomey
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80120
(303) 320-0509
eziporin@sgrllc.com
ttoomey@sgrllc.com
*Attorneys for Defendant Jason Gentempo*

*s/ Jonathan Cooper*
Jonathan Cooper
Assistant City Attorney
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202.
Telephone: (720) 913-3100
Facsimile: (720) 913-3190
Email: jonathan.cooper@denvergov.org
*Attorney for Defendant Denver*